UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELAYNE SEIDMAN,<br><br>                              Plaintiff,<br><br>  - against -<br><br>HEARTLAND MEDIA, LLC,<br><br>                              Defendant. | Docket No. 17-cv-03269<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Helayne Seidman ("Seidman" or "Plaintiff"), by and through her undersigned counsel, as and for her Complaint against Defendant Heartland Media, LLC ("Heartland" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of 11-year-old Ciro Ortiz offering emotional advice to subway riders, owned and registered by Seidman, a New York City-based photojournalist. Accordingly, Seidman seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Seidman is a professional photojournalist in the business of licensing her photographs to online, print, and television media outlets for a fee, having a usual place of business at 16 Saint Marks Place, Apt. 4B, New York, New York 10003. Seidman's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Heartland is a limited liability company duly organized and existing under the laws of the State of Delaware, with a place of business at 5936 Smith Hill Road, Utica, New York 13502. At all times material hereto, Heartland has owned and operated a website at the URL www.wktv.com (the "Website").

## STATEMENT OF FACTS

A.     **Background and Plaintiff's Ownership of the Photograph**

7.      On December 11, 2016, Seidman photographed 11-year-old Ciro Ortiz on a subway platform offering advice to subway riders (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Seidman then licensed the Photograph to the New York Post. On December 11, 2016, the New York Post ran an article that featured the Photograph on its web edition entitled, *Subway riders are turning to this 11-year-old shrink for advice*.  See http://nypost.com/2016/12/11/subway-riders-are-turning-to-this-11-year-old-shrink-for-advice/. Seidman's name was featured in a gutter credit identifying her as the photographer of the

Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Seidman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-037-048.

**B.    Defendant's Infringing Activities**

11. Upon information and belief, on or about December 15, 2016, Heartland ran an article on the Website entitled *Boy, 11, offers New Yorkers 'emotional advice' for $2 a pop*. See http://www.wktv.com/news/Boy_11_offers_New_Yorkers_emotional_advice_for_2_a_pop.html. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Heartland did not license the Photograph from Plaintiff for its article, nor did Heartland have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Heartland removed Seidman's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST HEARTLAND)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Heartland infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Heartland is not, and has never been,

licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by Heartland have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover her damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST HEARTLAND**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Heartland intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Heartland violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Heartland's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Heartland intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Heartland also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Heartland as alleged herein, Plaintiff is entitled to recover from Heartland the damages, that she sustained and will sustain, and any gains, profits and advantages obtained by Heartland because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Heartland statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Heartland be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Heartland be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be award her costs, expenses and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: May 3, 2017
Valley Stream, New York

                                              LIEBOWITZ LAW FIRM, PLLC

                                              By: /s/ Kamanta C. Kettle
                                                  Kamanta C. Kettle
                                                  11 Sunrise Plaza, Suite 305
                                                 Valley Stream, New York 11580
                                                 Telephone: (516) 233-1660
                                                 KK@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Helayne Seidman*